**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

NENOMOSHIA THOMAS                                                                PLAINTIFF

v.                                            NO. 3:12CV00050 JLH

ROSS THOMPSON, in his official capacity as
Chief of Police for Blytheville, Arkansas;
CITY OF BLYTHEVILLE, ARKANSAS;
and MATT JACKSON                                                               DEFENDANTS

<u>OPINION AND ORDER</u>

This is a civil rights action in which Nenomoshia Thomas asserts claims under 42 U.S.C.

§ 1983, as well as state-law claims, arising out of an arrest that allegedly was without probable cause

and accompanied by the use of excessive force.  The defendants have moved for summary judgment.

For reasons that will be explained, the motion for summary judgment is granted as to the claims based

on federal law.  The Court declines to exercise supplemental jurisdiction over the state-law claims,

which will be remanded to the state court whence this case was removed.

**I.**

A court should enter summary judgment if the evidence, viewed in the light most favorable

to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and that

the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see also Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986);

*Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  A genuine dispute

of material fact exists only if the evidence is sufficient to allow a jury to return a verdict for the

nonmoving party.  *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.  When a nonmoving party cannot

present evidence on a necessary element on which that party bears the burden of proof, the moving

party is entitled to summary judgment.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

## II.

On June 22, 2010, Thomas's son was arrested for disorderly conduct by Blytheville police officers.  Thomas went to the Blytheville Police Department to obtain her son's release, and while she was there had a verbal altercation with Matt Jackson, one of the officers who had arrested her son.  She was then placed under arrest, handcuffed, and "taken down" by two officers, including Jackson.  Thomas suffered a sprained wrist, a sprained shoulder, and abrasions as a result of the force used during the arrest.  Thomas was charged with disorderly conduct, tried in front of a jury, and acquitted.

Thomas now alleges that she was arrested without probable cause, that she was subjected to excessive force, that the City of Blytheville has failed to train and supervise its officers properly, and that it has policies and customs that authorize unlawful arrests and the use of excessive force.  Based on those allegations, Thomas has asserted claims under 42 U.S.C. § 1983, as well as claims under state law for malicious prosecution and false imprisonment.

## III.

Thomas's complaint names as defendants Ross Thompson, in his official capacity as the Blytheville Chief of Police; the City of Blytheville; and Jackson.  The complaint does not state whether Jackson is named in his official capacity as an officer of the Blytheville Police Department, in his individual capacity, or both.  "A suit against a public official in his individual capacity requires that the public official be named in his personal capacity as an individual.  If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official

capacity." *Artis v. Francis Howell N. Band Booster Ass'n*, 161 F.3d 1178, 1182 (8th Cir. 1998).

Thus, it is presumed that Jackson is named as a defendant only in his official capacity. As noted,

Thompson is named only in his official capacity. "A suit against a government officer in his official

capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v.

Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Because Thompson and Jackson are

named only in their official capacities, Thomas's section 1983 claims are essentially asserted only

against the City of Blytheville.

The Eighth Circuit has explained the basis on which a municipality may be liable for the

actions of its employees:

> In *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d
> 611 (1978), the Supreme Court held that a municipality can be liable under § 1983 if
> an "action pursuant to official municipal policy of some nature caused a constitutional
> tort." *Id*. at 691, 98 S.Ct. 2018. To establish municipal liability, a plaintiff must first
> show that one of the municipality's officers violated her federal right. *See City of Los
> Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986) (per
> curiam); *Sanders v. City of Minneapolis*, 474 F.3d 523, 527 (8th Cir.2007). If that
> element is satisfied, then a plaintiff must establish the requisite degree of fault on the
> part of the municipality and a causal link between municipal policy and the alleged
> violation. *See City of Canton v. Harris*, 489 U.S. 378, 388-92, 109 S.Ct. 1197, 103
> L.Ed.2d 412 (1989). Such a showing requires either the existence of a municipal
> policy that violates federal law on its face or evidence that the municipality has acted
> with "deliberate indifference" to an individual's federal rights. *See Bd. of the Cnty.
> Comm'rs v. Brown*, 520 U.S. 397, 404-07, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997);
> *City of Canton*, 489 U.S. at 388-89, 109 S.Ct. 1197.

*Veatch*, 627 F.3d at 1257.

Assuming that officers of the Blytheville Police Department violated her constitutional rights,

Thomas presents no evidence to show that they acted pursuant to a policy of the City of Blytheville,

that they were inadequately trained, or that the City acted with deliberate indifference to her

constitutional rights. First, the undisputed facts establish that the officers in question had been trained

3

at the Arkansas Law Enforcement Training Academy.[1]  Although Thomas contends that the officers were inadequately trained, she presents nothing to show that the training offered at the Arkansas Law Enforcement Training Academy was constitutionally inadequate.  *See Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 674 (8th Cir. 2007) ("Brockinton claims that the [Arkansas Law Enforcement Training Academy] training provided to . . . officers was constitutionally inadequate, but he points to no facts that support threshold assertion.").  Second, the City of Blytheville has written policies regarding the manner in which its officers must carry out their official duties, including policies regarding the use of force.  Thomas does not dispute the constitutionality of these policies.  Third, Thomas presents no evidence of unlawful arrests or excessive force by Blytheville police officers prior to June 22, 2010.  "To establish a city's liability based on its failure to prevent misconduct by employees, the plaintiff must show that city officials had knowledge of prior incidents of police misconduct and deliberately failed to take remedial action."  *Parrish v. Luckie*, 963 F.2d 201, 204 (8th Cir. 1992).

In short, the only defendant properly before the Court on Thomas's section 1983 claims is the City of Blytheville.  The City of Blytheville can be liable to Thomas only if the officers committed a constitutional tort pursuant to a municipal policy or custom, or if the City of Blytheville acted with deliberate indifference to her constitutional rights.  Even assuming that the officers committed a constitutional tort, Thomas has presented no evidence that meets these standards.  Therefore, summary judgment is granted on Thomas's section 1983 claims.

---

[1] *See* Depo. of Bradley Smith, p. 4; Depo. of Matt Jackson, p. 6; Depo. of Vanessa Stewart, p. 3.  Smith assisted Jackson in arresting Thomas.  Stewart had a verbal altercation with Thomas before Thomas and Jackson engaged in their confrontation.

## IV.

While the foregoing analysis disposes of Thomas's section 1983 claims, her state-law claims remain.  A threshold issue with respect to Thomas's state-law claims is whether those claims are barred by the immunity granted to local governments in Ark. Code Ann. § 21-9-301.  While the defendants concede that the Arkansas Supreme Court has said that the immunity granted in the statute extends only to negligence, not to intentional torts, they argue that this interpretation is based on dicta, which should be overruled.

Thomas commenced this action in the Circuit Court of Mississippi County, Arkansas.  The defendants removed the action to this Court based on federal question jurisdiction.  The Court has supplemental jurisdiction over Thomas's state-law claims pursuant to 28 U.S.C. § 1367.  The Court may decline to exercise supplemental jurisdiction over the state-law claims after dismissing all of the claims that arise under federal law.  *Id.* § 1367(c)(3).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 619 n.7, 98 L. Ed. 2d 720 (1988).  The Eighth Circuit has said: "We stress the need to exercise judicial restraint and avoid state law issues wherever possible.  We also recognize within principles of federalism the necessity to provide great deference and comity to state court forums to decide issues involving state law questions."  *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990).  Here, where the threshold issue with respect to the state-law claims may require the Arkansas Supreme Court to revisit its own precedent, the need for deference and comity to the state courts is particularly great.  Out of respect for the principles of

5

federalism and for the courts of the State of Arkansas, the Court will exercise its discretion under

section 1367(c)(3) and decline to exercise supplemental jurisdiction over Thomas's state-law claims.

Accordingly, the Court remands this action to the Circuit Court of Mississippi County, Arkansas, for

adjudication of Thomas's claims that arise under the laws of the State of Arkansas.  *See D.J.M. v.*

*Hannibal Pub. Sch. Dist. No. 60*, 647 F.3d 754, 767 (8th Cir. 2011).

## CONCLUSION

For the reasons stated above, the defendants' motion for summary judgment is GRANTED

IN PART.  Document #15.  The Court grants summary judgment on the claims that Nenomoshia

Thomas brings pursuant to 42 U.S.C. § 1983.  The Court declines to exercise supplemental

jurisdiction over Thomas's state-law claims.  The action is remanded to the Circuit Court of

Mississippi County, Arkansas, for adjudication of Thomas's state-law claims.

IT IS SO ORDERED this 1st day of February, 2013.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE